﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190408-11942
DATE: October 31, 2019

REMANDED

A rating higher than 10 percent for status post right extensor carpi ulnaris (ECU) tenolysis, right (dominant) wrist, (claimed as right wrist condition with residual of surgery) is remanded.

A rating higher than 10 percent for eczematoid dermatitis (also claimed as contact dermatitis) is remanded.

A compensable rating for pseudofolliculitis barbae with healed maculopapular scars of the face and neck (claimed as skin condition on face/shaving bumps) is remanded.

Service connection for posttraumatic stress disorder (PTSD) is remanded.

Service connection for insomnia is remanded.

Service connection for bipolar disorder is remanded.

Service connection for left wrist pain is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 2007 to February 2013.

The Board notes that the rating decision on appeal was issued in March 2019. In April 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

In March 2019 rating decision on appeal, the Agency of Original Jurisdiction (AOJ) reopened the claim of service connection for PTSD. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104 (c)). Thus, the issue before the Board is the underlying service connection claim, as reflected above.

1. A rating higher than 10 percent for status post right extensor carpi ulnaris (ECU) tenolysis, right (dominant) wrist, (claimed as right wrist condition with residual of surgery) is remanded.

2. A rating higher than 10 percent for eczematoid dermatitis (also claimed as contact dermatitis) is remanded.

3. A compensable rating for pseudofolliculitis barbae with healed maculopapular scars of the face and neck (claimed as skin condition on face/shaving bumps) is remanded.

4. Service connection for posttraumatic stress disorder (PTSD) is remanded.

5. Service connection for insomnia is remanded.

6. Service connection for bipolar disorder is remanded.

7. Service connection for left wrist pain is remanded.

The issues of entitlement to increased ratings for right wrist ECU, eczematoid dermatitis, and pseudofolliculitis barbae and service connection for PTSD, insomnia, bipolar disorder and left wrist pain are remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) sought medical examinations on these matters prior to the March 2019 rating decision on appeal and noted that the Veteran had failed to appear for any of his scheduled examinations. However, the Veteran contends that he was not notified of these examinations. The record does not include a copy of any of the notice letters to the Veteran or any other evidence to refute the Veteran’s contention. As such, a remand is necessary to allow the AOJ to correct this pre-decisional duty to assist error.

The matters are REMANDED for the following action:

1. Ensure that the Veteran is scheduled for an examination by an appropriate clinician to determine the current severity of his service-connected status post right extensor carpi ulnaris (ECU) tenolysis, right wrist (right wrist disability). The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. To the extent possible, the examiner should identify any symptoms and functional impairments due to right wrist disability alone and discuss the effect of the Veteran’s right wrist disability on any occupational functioning and activities of daily living. If it is not possible to provide a specific measurement, or an opinion regarding flare-ups, symptoms, or functional impairment based on direct observation, the examiner should provide an estimate, if at all possible, of the additional impairment due to flare-ups based on the other evidence of record and the Veteran’s statements.

2. Ensure that the Veteran is scheduled for an examination by an appropriate clinician to determine the current severity of his service-connected eczematoid dermatitis. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. To the extent possible, the examiner should identify any symptoms and functional impairments due to eczematoid dermatitis alone and discuss the effect of the Veteran’s eczematoid dermatitis on any occupational functioning and activities of daily living. If it is not possible to provide a specific measurement, or an opinion regarding flare-ups, symptoms, or functional impairment based on direct observation, the examiner should provide an estimate, if at all possible, of the additional impairment due to flare-ups based on the other evidence of record and the Veteran’s statements.

3. Ensure that the Veteran is scheduled for an examination by an appropriate clinician to determine the current severity of his service-connected pseudofolliculitis barbae with healed maculopapular scars of the face and neck. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. To the extent possible, the examiner should identify any symptoms and functional impairments due to pseudofolliculitis barbae alone and discuss the effect of the Veteran’s pseudofolliculitis barbae on any occupational functioning and activities of daily living

4. Ensure that the Veteran is scheduled for a psychiatric examination to determine the nature and etiology of any posttraumatic stress disorder (PTSD). If the Veteran is diagnosed with PTSD, the examiner must explain how the diagnostic criteria are met and opine whether it is at least as likely as not related to a verified in-service stressor. 

If the Veteran is diagnosed with a personality disorder and PTSD, then the examiner must opine whether the PTSD was at least as likely as not superimposed on a personality disorder during active service and resulted in additional disability.

If any other acquired psychiatric disorders are diagnosed, the examiner must opine whether each diagnosed disorder is at least as likely as not related to an in-service injury, event, or disease. 

5. Ensure that the Veteran is scheduled for an examination by an appropriate clinician to determine the nature and etiology of any insomnia. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including his in-service sleep complaints.

(Continued on the next page)

 

6. Ensure that the Veteran is scheduled for an examination by an appropriate clinician to determine the nature and etiology of any bipolar disorder. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease.

7. Ensure that the Veteran is scheduled for an examination by an appropriate clinician to determine the nature and etiology of any left wrist disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease.

 

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Houbeck

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.